UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
ALEXIS SHANTE VILLAFANA, as Administrator of : Civil Action No.:
the Estate of DUANE JASON BROWNE, and as : CV-12-5150 (FB) (SMG)
Guardian of the Property of D.L.B., the infant child :
and distributee of DUANE JASON BROWNE, :
: **FIRST AMENDED**
Plaintiff, : **COMPLAINT**
:
-against- :
: **JURY TRIAL DEMANDED**
THE CITY OF NEW YORK and NEW YORK CITY :
POLICE DEPARTMENT OFFICERS JOHN DOE 1 :
through 10, Individually and in their Official :
Capacities, :
:
Defendants. :
:
------------------------------------------------------------------ X

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Alexis Shante Villafana ("Plaintiff" or "Ms. Villafana"), as Administrator of the Estate of Duane Jason Browne ("Duane Browne" or "Mr. Browne"), and on behalf of her and Mr. Browne's infant child, D.L.B. ("D.L.B."), by and through undersigned counsel Thompson Wigdor LLP, as and for her Complaint in this action against Defendants City of New York (the "City") and New York City Police Department Officers John Doe 1 through 10 ("Officers Doe 1 through 10") (collectively, "Defendants"), respectfully sets forth and alleges as follows:

### NATURE OF CLAIMS

1.  This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, including, but not limited to, economic loss, compensatory damages and punitive damages, to redress Defendants' unlawful practices and acts committed against Duane Browne, in violation of 42 U.S.C. § 1983 and New York common law. As a result of the negligent, intentional and/or reckless conduct of Defendants, Mr. Browne has suffered damages

including, but not limited to, death, pain and suffering, mental anguish, and deprivation of civil rights and liberties. In addition, Mr. Browne's infant child, D.L.B., has also suffered damages resulting from Defendants' unlawful conduct, including, but not limited to, loss of parental services, guidance and support.

## PRELIMINARY STATEMENT

2. On the evening of January 12, 2012, Duane Browne was tragically shot and killed by members of the New York City Police Department ("NYPD") inside his home located at 943 Schenck Avenue in Brooklyn, New York ("943 Schenck" or the "residence") after he courageously rushed to the aid of his brother, who was being held at gunpoint by two men in an attempted robbery inside their home. Although the shooting itself was unjustified and constituted excessive force, Mr. Browne's life could have been saved, or, at a minimum, Mr. Browne could have been treated for his pain and suffering, after he was shot had the police officers on the scene not acted in a negligent, reckless, wanton and/or indifferent manner. Specifically, had the NYPD officers on the scene allowed prompt medical treatment to be given to Mr. Browne, rather than refusing to allow paramedics to enter the residence and treat Mr. Browne as soon as the paramedics arrived, Mr. Browne, upon information and belief, would be alive today. Instead, the officers ignored Mr. Browne as he lay in substantial pain on the floor of his home, and prevented the paramedics from entering the home to administer necessary medical treatment and care to Mr. Browne, causing an undue delay. Moreover, while Mr. Browne was in desperate need of medical treatment and on the floor bleeding to death, the police officers rummaged through his residence, apparently in search of potentially incriminating evidence against Mr. Browne and/or other residents of the home.

3. Mr. Browne, a dedicated and devoted father, son and brother, leaves behind his 9-year-old son D.L.B., his heart-broken mother Alice Bynoe Browne, three siblings and countless friends who all dearly loved and now deeply miss him, including Plaintiff Alexis Villafana, who is Mr. Browne's former girlfriend and the mother of his child D.L.B.

4. As a result of Defendants' conduct, Mr. Browne's young son, D.L.B., will now grow up without a father.

## JURISDICTION AND VENUE

5. This action arises under 42 U.S.C. §§ 1983 and 1988 and New York State's common law.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of Duane Browne's civil rights.

7. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over all State law claims.

8. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

9. Plaintiff Alexis Shante Villafana is the duly appointed, qualified, and acting Administrator of the Estate of Duane Jason Browne, who tragically died in the manner alleged herein on or about January 12, 2012.

10. Duane Browne is survived by his son, D.L.B., for whose benefit Plaintiff, as D.L.B.'s mother and duly appointed Guardian of Property, also brings this action.

11. Plaintiff is a resident of Brooklyn, New York.

12. Defendant City of New York is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters, and was responsible for the appointment, training, supervision and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

13. At all relevant times, Defendants Officers Doe 1 through 10 are and were duly appointed and acting police officers, servants, employees and agents of the City and/or the NYPD. At all relevant times, said individuals are and were acting under color of state law in the course and scope of their employment and functions as police officers, agents, servants and employees of the City. They were also acting for, on behalf of, and with the power and authority vested in them by the City and the NYPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

14. Officers Doe 1 through 10 are sued in their official and individual capacities.

## PROCEDURAL REQUIREMENTS

15. On or about February 24, 2012, Plaintiff, in furtherance of her State causes of action, filed a timely Notice of Claim against the City of New York pursuant to N.Y. Gen. Mun. Law § 50(i).

16. On July 25, 2012, pursuant to N.Y. Gen. Mun. Law § 50(h), Plaintiff was examined by an attorney acting on behalf of the City of New York.

17. This action is being commenced within one year and ninety days after accrual of this cause of action, and is thus timely.

## FACTUAL ALLEGATIONS

18. Duane Browne was a hard-working and dedicated 26-year old African-American resident of Brooklyn, New York, a devoted father to his young son D.L.B., a loving son to his mother Alice Bynoe-Browne, and a warm and caring brother to his three siblings.

19. On the evening of January 12, 2012, at approximately 10:30 p.m., Mr. Browne was watching television in his room with his girlfriend on the second floor of the Brooklyn home that he shared with his mother and brother at 943 Schenck Avenue when he suddenly heard noises coming from the basement apartment. Mr. Browne went downstairs to the basement apartment to investigate the commotion, and discovered that his brother was being robbed and assaulted at gunpoint by two masked men.

20. At or around this time, the girlfriend of Mr. Browne's brother, who also witnessed the armed robbery as it was taking place, called 911 to report what was occurring. Officers Doe 1 and 2 responded to the call and arrived at the back of the house.

21. Meanwhile, the two armed robbers saw that the police had pulled up to the back of the house and they fled out the front door and avoided arrest.

22. As the police approached the back of the house, Mr. Browne's brother emerged from the basement door with his hands in the air explaining that he lived in the house and that his brother was inside. The police ordered Mr. Browne's brother to the ground and placed him in handcuffs.

23. Simultaneously, Mr. Browne, after witnessing his brother being held at gunpoint by two masked men, retreated back to his room on the second floor of the house and informed his girlfriend that his brother was being robbed at gunpoint downstairs and needed his help.

24. Mr. Browne then got a gun and made his way back down to the basement apartment to protect his brother. Mr. Browne, however, did not know that the two armed robbers who had held his brother at gunpoint had already ran out of the front door of the house when the police arrived.

25. When Mr. Browne, who was wearing a t-shirt and pajama bottoms, entered the basement apartment, he discovered that there was no one there. However, a door leading to the backyard was open. Apparently suspecting that his brother was abducted by the two assailants out of this doorway, Mr. Browne walked towards the exit.

26. As Mr. Browne exited out of the doorway and into the backyard, he was immediately shot by Officer Doe 1. Upon information and belief, prior to opening fire, Officer Doe 1 did not identify himself, nor order Mr. Browne to "freeze" or make any similar commands.

27. After being shot, Mr. Browne retreated back into the home and attempted to climb up the stairs to the first floor of the home. There, he collapsed to the ground as he encountered his girlfriend. Mr. Browne was still alive at this time, and told his girlfriend, in sum and substance, "I just got shot. Call the cops." Mr. Browne did not know that he had in fact just been shot by an NYPD officer.

28. At or around this time, Officers Doe 3 through 10 also arrived at 943 Schenck Avenue. However, upon learning that Mr. Browne did in fact live in the home and was the brother of the robbery victim, the responding officers approached Mr. Browne's girlfriend, who had been kneeling next to and holding Mr. Browne while he was still alive, and ordered her out of the house. Mr. Browne's girlfriend complied with the officers' orders, but begged them to help Mr. Browne and to do all they could to save his life.

29.     Upon information and belief, Officers Doe 1 through 10 did not render any emergency medical assistance to Mr. Browne as he lay on the floor bleeding and in substantial pain. Upon information and belief, rather than tend to Mr. Browne and help save his life, Officers Doe 1 through 10 rummaged through the residence, apparently in search of evidence which could potentially incriminate Mr. Browne and/or the other residents of the home.

30.     Moreover, although paramedics had arrived at the scene within minutes of Mr. Browne being shot, Officers Doe 1 through 10 refused to allow the paramedics to enter 943 Schenck to treat Mr. Browne, which caused undue delay in the medical treatment finally given to Mr. Browne. Upon information and belief, had the paramedics been allowed to enter the home immediately upon their arrival, Mr. Browne's life would have been saved, or, at a minimum, he would have been treated for his pain and suffering. Instead, the paramedics were denied entry into the house while Officers Doe 1 through 10 continued to unnecessarily rummage through the residence while Mr. Browne continued to bleed to death.

31.     After the paramedics were finally allowed to enter 943 Schenck, Mr. Browne was removed from the home and taken by ambulance to Brookdale University Hospital, where he was pronounced dead hours later.

## AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 - Excessive Force

32.     Plaintiff repeats and realleges each and every allegation as set forth above as if fully set forth herein.

33.     Police Officer Doe 1 unlawfully shot Duane Browne with a firearm unjustifiably and without reasonable cause.

34.     Police Officer Doe 1 also failed to identify himself and/or shout any command or order prior to shooting Duane Browne.

35. By using excessive force and shooting Duane Browne, Officer Doe 1 deprived Duane Browne of his rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983.

36. Officer Doe 1 acted under pretense and color of state law and in his official capacity and within the scope of his employment as an NYPD officer. Said acts by Officer John Doe 1 were beyond the scope of his jurisdiction, without authority of law, and in abuse of his powers. Officer Doe 1 acted willfully, knowingly, and with the specific intent to deprive Duane Browne of his constitutional rights, including his liberty without due process and without reasonable cause, secured by 42 U.S.C. § 1983.

37. Defendants were not acting with immunity when they deprived Duane Browne of his civil rights.

38. By reason of the foregoing, Duane Browne sustained serious personal injuries and other medical conditions, which resulted in severe and excruciating conscious pre-death pain and suffering, fear of impending death, emotional and psychological distress and horror, and wrongful death.

39. By reason of the foregoing, Duane Browne's infant child and distributee D.L.B. has also suffered, and will continue to suffer, severe and permanent damages, including, but not limited to, the loss of services of Duane Browne, as well as loss of parental support and guidance.

40. As a direct and proximate result of the misconduct and abuse of authority detailed above, Duane Browne sustained the damages hereinbefore alleged, entitling Mr. Browne's Estate and Distributee to an award of monetary damages and/or other relief.

41. Officer John Doe 1 exhibited reckless and/or callous indifference to Duane Browne's federally protected rights, including Mr. Browne's constitutional right to be free from excessive force, entitling Mr. Browne's Estate and Distributee to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Denial of Medical Care

42. Plaintiff repeats and realleges each and every allegation as set forth above as if fully set forth herein.

43. Duane Browne was shot by Officer Doe 1, and remained in the custody of Defendants from that time until his death.

44. Duane Browne was in a medical emergency as a result of being shot by Officer Doe 1, and was in an obvious and extreme need of proper and prompt medical care and attention.

45. Defendants could have rendered proper and prompt medical care to Duane Browne and/or caused others to render proper and prompt medical care to Mr. Browne, but failed to do so.

46. Defendants' failure to render proper and prompt medical care was deliberate, as Defendants affirmatively prevented paramedics from entering 943 Schenck Avenue and administering the medical treatment Duane Browne desperately needed to prevent his pain and suffering, mental anguish and death.

47. Defendants knew that Duane Browne's life was at risk as they were aware that, among other things, Mr. Browne had just been shot and could observe Mr. Browne on the floor bleeding from the bullet wound and in substantial pain.

48. As such, Defendants exhibited a deliberate indifference to Duane Browne's serious medical needs.

49. By denying medical care to Duane Browne, Defendants deprived Mr. Browne of his rights, remedies, privileges and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983.

50. Officers Doe 1 through 10 acted under pretense and color of state law and in their official capacity and within the scope of their employment as NYPD officers. Said acts by Officers Does 1 through 10 were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Officers Does 1 through 10 acted willfully, knowingly, and with the specific intent to deprive Duane Browne of his constitutional rights secured by 42 U.S.C. § 1983.

51. Defendants were not acting with immunity and/or justification when they deprived Duane Browne of his civil rights.

52. By reason of the foregoing, Duane Browne sustained serious personal injuries and other medical conditions, which resulted in severe and excruciating conscious pre-death pain and suffering, fear of impending death, emotional and psychological distress and horror, and wrongful death.

53. By reason of the foregoing, Duane Browne's infant child and distributee D.L.B. has also suffered, and will continue to suffer, severe and permanent damages, including, but not limited to, the loss of services of Duane Browne, as well as loss of parental support and guidance.

54. As a direct and proximate result of the misconduct and abuse of authority detailed above, Duane Browne sustained the damages hereinbefore alleged, entitling Mr. Browne's Estate and Distributee to an award of monetary damages and/or other relief.

55. Officers Doe 1 through 10 exhibited reckless and/or callous indifference to Duane Browne's federally protected rights, entitling Mr. Browne's Estate and Distributee to an award of punitive damages.

### AS AND FOR A THIRD CAUSE OF ACTION
#### Wrongful Death

56. Plaintiff repeats and realleges each and every allegation as set forth above as if fully set forth herein.

57. As a result of the injuries sustained by Duane Browne as a result of the unlawful conduct of Defendants described herein, Mr. Browne was caused to suffer a wrongful death on or around January 12, 2012.

58. As a result of the wrongful death of Duane Browne, the Distributee of Duane Browne, has been permanently and totally deprived of the usual, anticipated and potential parental guidance, services, support, aid and contribution of Duane Browne, was obliged to incur pecuniary and other losses and expenses, and was severely damaged.

59. By reason of the foregoing, Plaintiff, as Administrator of the Estate of Duane Jason Browne, and on behalf of his Distributee and infant child D.L.B., demands judgment for wrongful death against Defendants, entitling Duane Browne's Estate and Distributee to an award of monetary damages and/or other relief.

### AS AND FOR A FOURTH CAUSE OF ACTION
#### Battery

60. Plaintiff repeats and realleges each and every allegation as set forth above as if fully set forth herein.

61. Officer John Doe 1, acting within the scope of his employment, intentionally, willfully, and maliciously battered Duane Browne, when he, in a hostile and/or offensive

manner, fired a deadly firearm at Mr. Browne without his consent and with the intention of causing harmful and/or offensive bodily contact to Mr. Browne and caused such battery.

62. Defendant City and its officers, agents, servants, and employees were responsible for Duane Browne's battery. Defendant City, as employer of Officer John Doe 1, is responsible for his wrongdoing under the doctrine of respondeat superior.

63. The shooting of Duane Browne was without probable cause.

64. By reason of the foregoing, Duane Browne sustained serious personal injuries and other medical conditions, which resulted in severe and excruciating conscious pre-death pain and suffering, fear of impending death, emotional and psychological distress and horror, and wrongful death.

65. By reason of the foregoing, Duane Browne's infant child D.L.B. has also suffered, and will continue to suffer, severe and permanent damages, including, but not limited to, the loss of services of Duane Browne, as well as loss of parental support and guidance.

66. As a direct and proximate result of the misconduct and abuse of authority detailed above, Duane Browne sustained the damages hereinbefore alleged, entitling Mr. Browne's Estate and Distributee to an award of monetary damages and/or other relief.

67. Officer John Doe 1's conduct was wanton, malicious and/or cruel, entitling Duane Browne's Estate and Distributee to an award of punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Assault

68. Plaintiff repeats and realleges each and every allegation as set forth above as if fully set forth herein.

69. Officer John Doe 1, acting within the scope of his employment, intentionally, willfully, and maliciously assaulted Duane Browne in that he had the real or apparent ability to

cause imminent harmful and/or offensive bodily contact and intentionally did violent and/or menacing acts which threatened such contact to Mr. Browne, and that such acts caused apprehension of such contact in Mr. Browne.

70. Defendant City and its officers, agents, servants, and employees were responsible for the assault on Duane Browne. Defendant City, as employer of Officer Doe 1, is responsible for his wrongdoing under the doctrine of respondeat superior.

71. The shooting of Duane Browne was without probable cause.

72. By reason of the foregoing, Duane Browne sustained serious personal injuries and other medical conditions, which resulted in severe and excruciating conscious pre-death pain and suffering, fear of impending death, emotional and psychological distress and horror, and wrongful death.

73. By reason of the foregoing, Duane Browne's infant child D.L.B. has also suffered, and will continue to suffer, severe and permanent damages, including, but not limited to, the loss of services of Duane Browne, as well as loss of parental support and guidance.

74. As a direct and proximate result of the misconduct and abuse of authority detailed above, Duane Browne sustained the damages hereinbefore alleged, entitling Mr. Browne's Estate and Distributee to an award of monetary damages and/or other relief.

75. Officer John Doe 1's conduct was wanton, malicious and/or cruel, entitling Duane Browne's Estate and Distributee to an award of punitive damages.

### AS AND FOR A SIXTH CAUSE OF ACTION
**Negligence**

76. Plaintiff repeats and realleges each and every allegation as set forth above as if fully set forth herein.

77. Defendants had a duty under 42 U.S.C. § 1983, as well as under New York State common law, and/or their own policies, rules, practices and/or procedures, to prevent the use of excessive force, to provide prompt medical attention to those that are injured and under their custody, and prevent other unlawful acts that were committed against Plaintiff.

78. By inflicting and failing to prevent the above stated abuses suffered by Duane Browne, Defendants violated their duty to Mr. Browne and acted unreasonably, recklessly and negligently.

79. Defendants failed to exercise the slightest amount of due care to protect Duane Browne's civil and constitutional rights against the use of excessive and unreasonable force and to receive prompt medical attention when inflicted by such force and/or when in Defendants' custody.

80. By reason of the foregoing, Duane Browne sustained serious personal injuries and other medical conditions, which resulted in severe and excruciating conscious pre-death pain and suffering, fear of impending death, emotional and psychological distress and horror, and wrongful death.

81. The foregoing personal injuries were caused solely by the carelessness, negligence, and wanton and willful disregard on the part of Defendants, and without any negligence on the part of the Duane Browne contributing thereto.

82. By reason of the foregoing, Duane Browne's infant child D.L.B. has also suffered, and will continue to suffer, severe and permanent damages, including, but not limited to, the loss of services of Duane Browne, as well as loss of parental support and guidance.

83. As a direct and proximate result of the negligence detailed above, Duane Browne sustained the damages hereinbefore alleged, entitling Mr. Browne's Estate and Distributee to an award of monetary damages and/or other relief.

84. Officers John Doe 1 through 10's conduct amounted to utter recklessness, was so wantonly negligent as to be the equivalent of a conscious disregard for Duane Browne's rights, demonstrated a high degree of moral culpability, was designed to oppress and injure, evinced a conscious indifference to the effects of their acts, and was committed without regard to the rights of Mr. Browne or of people in general, and involved wrongdoing to the public, entitling Mr. Browne's Estate and Distributee to an award of punitive damages.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### Negligent Hiring, Retention and Supervision

85. Plaintiff repeats and realleges each and every allegation as set forth above as if fully set forth herein.

86. Upon information and belief, Defendant City owed a duty of care to Duane Browne to prevent the physical and mental abuse Mr. Browne sustained.

87. Upon information and belief, Defendant City owed a duty of care to Duane Browne because, under the same or similar circumstances, a reasonable, prudent, and careful person should have anticipated that an injury to Mr. Browne or to those in a like situation would probably result from this conduct.

88. Upon information and belief, Officers Doe 1 through 10 were unfit and incompetent for their positions.

89. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that Officers Doe 1 through 10 were potentially dangerous.

90. In addition, the City knew or should have known through the exercise of reasonable diligence that the officers who responded to 943 Schenck Avenue where Duane Browne was shot, including Officers Doe 1 through 10, would engage in conduct that led to the violations of Mr. Browne's constitutional rights and other abuses that he suffered.

91. The City's negligence in hiring, retaining and supervising Officers Does 1 through 10 directly and proximately caused Duane Browne's injuries.

92. By reason of the foregoing, Duane Browne sustained serious personal injuries and other medical conditions, which resulted in severe and excruciating conscious pre-death pain and suffering, fear of impending death, emotional and psychological distress and horror, and wrongful death.

93. The foregoing personal injuries were caused solely by the carelessness, negligence, and wanton and willful disregard on the part of the City, and without any negligence on the part of Duane Browne contributing thereto.

94. By reason of the foregoing, Duane Browne's infant child D.L.B. has also suffered, and will continue to suffer, severe and permanent damages, including, but not limited to, the loss of services of Duane Browne, as well as loss of parental support.

95. As a direct and proximate result of the negligent hiring, retention and supervision detailed herein, Duane Browne sustained the damages hereinbefore alleged, entitling Mr. Browne's Estate and Distributee to an award of monetary damages and/or other relief.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### Loss of Services

96. Plaintiff repeats and realleges each and every allegation as set forth above as if fully set forth herein.

97. D.L.B. was the son of Duane Browne, and was supported by him and resided with him for part of the time.

98. D.L.B. was entitled to Duane Browne's services, society, comfort, affection and parental support.

99. As a result of Defendants' violation of Duane Browne's civil and constitutional rights, assault, battery, negligence, and negligent hiring, retention and supervision, which resulted in the death of Duane Browne, D.L.B. has been deprived of the services, society and support of his father for the remainder of his life.

100. By reason of the foregoing, Plaintiff, as Guardian of the Property of D.L.B., demands judgment on behalf of D.L.B., against Defendants for loss of services, society, comfort, affection and parental support of his father, Duane Browne, entitling Plaintiff to an award of monetary damages and/or other relief.

## AS AND FOR A NINTH CAUSE OF ACTION
### Loss of Guidance

101. Plaintiff repeats and realleges each and every allegation as set forth above as if fully set forth herein.

102. Prior to his death, Duane Browne provided support, maintenance, parental nurture and care, and physical, moral and intellectual training and guidance to his infant child D.L.B.

103. As a result of Defendants' violation of Duane Browne's civil and constitutional rights, assault, battery, negligence, and negligent hiring, retention and supervision, which resulted in the death of Duane Browne, D.L.B. has been deprived of the guidance, support, maintenance, parental nurture and care, and the physical, moral and intellectual training of his father for the remainder of his life.

104. By reason of the foregoing, Plaintiff, as Guardian of the Property of D.L.B., demands judgment on behalf of D.L.B. against Defendants for loss of guidance, support, maintenance, parental nurture and care, and the physical, moral and intellectual training of his father, entitling Plaintiff to an award of monetary damages and/or other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A. A declaratory judgment that Defendants willfully violated Duane Browne's rights secured by the laws of the United States of America and the State of New York;

B. An injunction and order to enjoin Defendants from continuing to violate the laws of the United States of America and the State of New York, as alleged herein, and any such other relief as may be appropriate to prevent future violations of said federal and state laws;

C. An award of damages to compensate Plaintiff, as Administrator of the Estate of Duane Browne and Guardian of the Property of Mr. Browne's infant child D.L.B., for direct, compensatory, general, special, consequential, incidental, interest, exemplary and aggravated damages in the amount of no less than ten million dollars ($10,000,000.00) for wrongful death, excruciating conscious pain and suffering, severe mental anguish and emotional distress, emotional pain and suffering, loss of income, loss of support, loss of parental services, loss of guidance, and any other physical and mental injuries sustained by Mr. Browne, his estate, and his distributee;

D. An award of punitive damages for the grossly negligent, willful and wanton nature of Defendants' conduct in an amount of no less than ten million dollars ($10,000,000.00);

E.  An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees under 42 U.S.C. § 1988; and

F.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.


Dated: October 16, 2012
      New York, New York

                                        Respectfully submitted,

                                        THOMPSON WIGDOR LLP

                                        By: _____
                                               Kenneth P. Thompson
                                             Tanvir H. Rahman

                                        85 Fifth Avenue
                                        New York, New York 10003
                                        Tel: (212) 257-6800
                                        Fax: (212) 257-6845
                                        kthompson@thompsonwigdor.com
                                        trahman@thompsonwigdor.com

                                        *COUNSEL FOR PLAINTIFF*